UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KEANON O. JACKSON, | ) | CASE NO. 1:11 CV 981 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| HECTOR SANTIAGO, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On May 17, 2011, petitioner *pro se* Keanon O. Jackson filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254. Jackson is incarcerated at the North Coast Correctional Treatment Facility, having been convicted after a no contest plea, of possession of drugs (2 counts) with forfeiture specifications. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

As grounds for the petition, Jackson asserts: 1) his due process rights were violated when the trial judge took on a prosecutorial role during the suppression hearing; 2) he was subjected to illegal search and seizure; and, 3) his counsel was ineffective.

It is evident on the face of the petition that Jackson has yet to exhaust his state court remedies. While he did file a petition for writ of procedendo in the Ohio Supreme Court, such an

action is not an appropriate vehicle to exhaust state remedies concerning the issues sought to be raised herein.[1]  He may, however, still seek  a delayed direct appeal in the Ohio Court of Appeals under Ohio Appellate Rule 5.  Thus, regardless of the potential merits of the grounds raised in this case, on which this court expresses no opinion, the petition is premature.

Accordingly, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.


Dated: August 5, 2011                            *s/      James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE

---

[1]     A writ of procedendo is simply an order from a higher court to a lower court to proceed to judgment.  *State ex rel. Sherrills. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995).